JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, David Smith ("appellant"), appeals his sentence for attempted theft. For the reasons set forth below, we vacate and remand for resentencing.
 {¶ 2} On February 22, 2006, the Cuyahoga County Grand Jury indicted appellant on 34 counts. In Count 2, appellant was charged with attempted theft, in violation of R.C. 2923.02/2913.02, a first degree misdemeanor.
 {¶ 3} On April 27, 2006, appellant pled "no contest" to all counts in the indictment and stipulated to the factual findings of guilt. Immediately thereafter, the trial court sentenced appellant to a one-year prison term for each of Counts 1, 2 and 3, to be served consecutively, for a total of three years.
 {¶ 4} Appellant now appeals his sentence for Count 2 only and presents the following assignment of error:
 {¶ 5} "The trial court erred as a matter of law when appellant David Smith was sentenced to a one-year term of incarceration under R.C.2923.02/2913.02 (attempted theft) which is a misdemeanor of the first degree."
 {¶ 6} In the instant case, appellant was charged in Count 2 with attempted theft, in violation of R.C. 2923.02/2913.02, with the value of the property or services stolen as "$500.00 or more but less than $5,000.00." A theft in this regard is a violation of R.C. 2913.02 and is a felony of the fifth degree. R.C. 2913.02(B)(2).
 {¶ 7} Appellant, however, pled "no contest" to and was found guilty of *Page 3 
attempted theft. Thus, we are directed to R.C. 2923.02(D), which states in relevant part:
 {¶ 8} "* * * An attempt to commit any other offense is an offense of the next lesser degree than the offense attempted. In the case of an attempt to commit an offense other than a violation of Chapter 3734. of the Revised Code that is not specifically classified, an attempt is a misdemeanor of the first degree if the offense attempted is a felony * * *."
 {¶ 9} Thus, appellant was charged and convicted of a misdemeanor of the first degree. R.C. 2929.24(A) prescribes the jail terms for a first degree misdemeanor. This statute states in relevant part:
 {¶ 10} "(A) Except as provided in section 2929.22 or 2929.23 of the Revised Code and unless another term is required or authorized pursuant to law, if the sentencing court imposing a sentence upon an offender for a misdemeanor elects or is required to impose a jail term on the offender pursuant to this chapter, the court shall impose a definite jail term that shall be one of the following:
 {¶ 11} "(1) For a misdemeanor of the first degree, not more than one hundred eighty days; * * *."
 {¶ 12} Pursuant to R.C. 2929.24(A)(1), the trial court was restricted in sentencing appellant on Count 2 to no more than 180 days incarceration. The trial court, however, incorrectly sentenced appellant to one year incarceration for the first degree misdemeanor of attempted theft. The state concedes that the trial court *Page 4 
erred in imposing such a sentence. Accordingly, we vacate appellant's sentence as to Count 2 and remand for resentencing.
Sentence vacated and remanded.
It is ordered that appellant recover from appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA ANN BLACKMON, P.J., and MARY J. BOYLE, J., CONCUR *Page 1